IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND – NORTHERN DIVISON

| | |
|---|---|
| SHAVEZ WILLIAMS, A# 201 976 103,<br><br>   12222 Woodside Ave, #227<br>   Lakeside, CA 92040<br><br>MERIBENY WILLIAMS, A# 219 295 292<br><br>   1222 Woodside Ave, #227<br>   Lakeside, CA 92040<br><br>MESHACH SAMUEL WILLIAMS, A# 219 295 293<br><br>   1222 Woodside Ave, #227<br>   Lakeside, CA 92040<br><br>GLORIA ESTHER WILLIAMS, A# 219 295 291<br><br>   1222 Woodside Ave, #227<br>   Lakeside, CA 92040<br><br>   Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>Serve:  Office of the General Counsel<br>         Department of Homeland Security<br>         Mail Stop 3650<br>         Washington, D.C. 20528<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Serve:  U.S. Citizenship & Immigration<br>         Services | Case No. 1:21-cv-1483 |

1

|  |  |
|---|---|
| 5900 Capital Gateway Dr<br>Camp Springs, MD 20588<br><br>ALEJANDRO MAYORKAS, Secretary of the Department of Homeland Security,<br><br>Serve:  Office of the General Counsel<br>　　　　Department of Homeland Security<br>　　　　Mail Stop 3650<br>　　　　Washington, D.C. 20528<br><br>TRACY RENAUD, Senior Official Performing the Duties of the Director of the United States Citizenship and Immigration Services,<br><br>Serve:  U.S. Citizenship & Immigration<br>　　　　Services<br>　　　　5900 Capital Gateway Dr<br>　　　　Camp Springs, MD 20588<br><br>and,<br><br>MADELINE KRISTOFF, Director of the San Diego Field Office of the United States Citizenship and Immigration Services,<br><br>Serve:  Madeline Kristoff<br>　　　　 USCIS<br>　　　　 1325 Front Street<br>　　　　 San Diego, CA 92187<br><br>　　Defendants. |  |

**COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFFS' APPLICATIONS TO ADJUST STATUS**

　　　　Plaintiffs Shavez Williams Samuel, Meribeny Williams, Meshach Samuel Williams, and Gloria Esther Williams respectfully request a hearing before this Honorable Court to make a determination on Plaintiffs' applications to adjust status, or alternatively requesting that this

2

Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Plaintiffs' long-delayed applications to adjust status.

## PARTIES

1. Plaintiffs Shavez Williams Samuel, Meribeny Williams, Meshach Samuel Williams, and Gloria Esther Williams are citizens of India.

2. Shavez Williams Samuel is the beneficiary of an approved I-360 Petition for Amerasian, Widower, or Special Immigrant. The Receipt Number is WAC1890389350. It was approved on September 13, 2018.

3. Meribeny Williams Meshach Samuel Williams, and Gloria Esther Williams are derivative applicants of Shavez Williams Samuel's I-485 application.

4. Shavez Williams Samuel, Meribeny Williams, Meshach Samuel Williams, and Gloria Esther Williams reside in Lakeside, CA.

5. On August 24, 2019, Plaintiffs filed I-485 Applications for Adjustment of Status based on Shavez Williams Samuel's approved I-360 Petition for Amerasian, Widower, or Special Immigrant, Class SD6 for Special Immigrant Religious Worker.

6. On July 28, 2020, USCIS refunded the fee for the I-485 applications and returned Plaintiffs' applications, erroneously claiming that there were no visas available for fourth preference Religious Workers at the time the I-485 was filed. The cases were administratively closed.

7. On March 2, 2021, Plaintiffs were notified that their cases were re-opened.

8. Defendants assigned new Receipt Number LIN2190256030 to Shavez's case.

9. Defendants assigned new Receipt Number LIN2190256033 to Meribeny's case.

10. Defendants assigned new Receipt Number LIN2190256031 to Meshach's case.

11. Defendants assigned new Receipt Number LIN2190256032 to Gloria's case.

12. USCIS completed the fingerprinting and photographing of Plaintiffs as part of the processing of the pending applications.

13. Since then, the Defendants have taken no action on the pending adjustment applications. The Defendants have refused and continue to refuse to conduct interviews on the case.

14. Since Plaintiffs filed the applications with USCIS, they have made repeated requests to have their case finally adjudicated.

15. Despite numerous calls to USCIS and their attempts to prompt movement on the case, Plaintiffs' applications to adjust status have remained pending far longer than is reasonable.

16. USCIS has refused to adjudicate Plaintiffs' applications in accordance with applicable legal criteria.

17. Plaintiffs bring this action to compel the USCIS to finally adjudicate the pending applications as required by law.

18. Defendant Department of Homeland Security (hereinafter sometimes referred to as "the DHS") is the agency of the United States that is responsible for implementing the petition for alien relative provisions of the law and assisting the USCIS with background and security checks.

19. Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is responsible for processing adjustment of status applications.

20. Defendant Alejandro Mayorkas, the Secretary of the DHS, is the highest ranking official within the DHS.  Mayorkas, by and through his agency for the DHS, is responsible for the implementation of the Immigration and Nationality Act (hereinafter sometimes referred to as "the INA"), and for ensuring compliance with applicable federal law, including the

Administrative Procedures Act (hereinafter sometimes referred to as "the APA"). Mayorkas is sued in an official capacity as an agent of the government of the United States.

21. Defendant Tracy Renaud, Senior Official Performing the Duties of the Director of the USCIS, is the highest ranking official within the USCIS. Renaud is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Renaud is sued in an official capacity as an agent of the government of the United States.

22. Defendant Madeline Kristoff is the Director of the USCIS San Diego Field Office and is sued only in an official capacity, as well as any successors and assigns. The San Diego Field Office has jurisdiction over applications for adjustment of status for immigrants in Lakeside, CA, where Plaintiffs reside. Kristoff is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Madeline Kristoff is sued in an official capacity as an agent of the government of the United States.

## JURISDICTION AND VENUE

23. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

24. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) the Defendants all maintain offices within this district.

## FIRST CLAIM FOR RELIEF
**(Agency Action Unlawfully Withheld and Unreasonably Delayed)**

For the first claim for relief against all Defendants, Plaintiffs allege and state as follows:

25. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

26. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Section 555(b) creates a non-discretionary duty to conclude agency matters. *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991). A violation of this duty is a sufficient basis for mandamus relief.

27. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

28. Plaintiffs allege that the applications have been in administrative processing beyond a reasonable time period for completing administrative processing of the adjustment of status applications.

29. The combined delay and failure to act on Plaintiffs' adjustment of status applications is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

30. There are no alternative adequate or reasonable forms of relief available to Plaintiffs.

31. Plaintiffs have exhausted all available administrative remedies in pursuit of a resolution of this matter, including repeatedly requesting the processing of the case with the USCIS via phone and InfoPass appointments.

### SECOND CLAIM FOR RELIEF
**(Violation of Right to Due Process of Law)**

For the second claim for relief against all Defendants, Plaintiffs allege and states as

follows:

32. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

33. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiffs may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

34. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiffs.

35. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiffs in the denial of an opportunity to claim lawful permanent resident status, as well as the ability to sponsor family members for residence in the U.S. and in various other ways.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs Shavez Williams Samuel, Meribeny Williams, Meshach Samuel Williams, and Gloria Esther Williams request the following relief:

1. That this Honorable Court assume jurisdiction over this action;

2. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all processing of Plaintiffs' applications to adjust status within sixty days;

3. That this Honorable Court take jurisdiction of this matter and adjudicate Plaintiffs' applications to adjust status pursuant to this Court's declaratory judgment authority;

4. That this Honorable Court issue a writ of mandamus compelling Defendants to issue a green card to Shavez Williams, Meribeny Williams, Meshach Samuel Williams, and Gloria Esther Williams;

5. That this Honorable Court issue a writ of mandamus compelling Defendants to

explain to Plaintiffs the cause and nature of the delay and inform Plaintiffs of any action they may take to accelerate processing of the applications to adjust status;

6. Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

7. Such other and further relief as this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED**
**June 14, 2021**


***/s/ James O. Hacking, III***
James O. Hacking, III
Hacking Immigration Law, LLC
10900 Manchester Road, Suite 203
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackingimmigrationlaw.com

**ATTORNEYS FOR PLAINTIFF**
**SHAVEZ WILLIAMS**
